OSCN Found Document:IN RE AMENDMENT OF RULE 2 OF RULES GOVERNING ADMISSION TO THE PRACTICE OF LAW

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 







 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN RE AMENDMENT OF RULE 2 OF RULES GOVERNING ADMISSION TO THE PRACTICE OF LAW
2017 OK 41
Decided: 05/15/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 41, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE: AMENDMENT OF RULE 2 OF THE RULES GOVERNING ADMISSION TO THE PRACTICE OF LAW, 5 O.S. Supp. 2015, ch. 1, app. 5 )

ORDER

Rule 2 of The Rules Governing Admission to the Practice of Law in the State of Oklahoma, attached hereto, is hereby amended, effective July 1, 2017.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 15th day of May, 2017.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR

Rules Governing Admission to the Practice of Law in the State of Oklahoma
Chapter 1, App. 5
Rule 2. Admission Upon Motion Without Examination.

For purposes of this Rule, the term "reciprocal state" shall mean a state which grants Oklahoma judges and lawyers the right of admission on motion, without the requirement of taking an examination and whose requirements for admission are similar to Oklahoma's admission upon motion without examination standards. Reciprocal state includes the District of Columbia, territories, districts, and commonwealths or possessions of the United States.

The following persons, when found by the Board of Bar Examiners to be qualified under Section I and 2 of Rule One, may be admitted by the Supreme Court to the practice of law in the State of Oklahoma upon the recommendation and motion of the Board, without examination:

Section 1. Persons who are graduates of an American Bar Association approved law school, have been lawfully admitted to practice and are in good standing on active status in a reciprocal state, and have engaged in the actual and continuous practice of law in a reciprocal state for at least five of the seven years immediately preceding application for admission under this Rule. The years of practice earned in multiple reciprocal states jurisdictions may cannot be combined.

For the purposes of this section, "practice of law" shall mean:

(a) Private practice as a sole practitioner or for a law firm, legal services office, legal clinic or similar entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state jurisdiction in which that practice occurred;

(b) Practice as an attorney for a corporation, partnership, trust, individual or other entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state jurisdiction in which the practice occurred and involved the primary duties of furnishing legal counsel, drafting legal documents and pleadings, interpreting and giving advice regarding the law, or preparing, trying or presenting cases before courts, executive departments, administrative bureaus, or agencies;

(c) Practice as an attorney for the federal, state, local government (including a territory, district, commonwealth or possession of the United States), branch of the armed services, or sovereign Indian nation with the same primary duties as described in Section I (b) above;

(d) Employment as a judge, magistrate, referee, law clerk, or similar official for the federal, state or local government (including a territory, district, commonwealth or possession of the United States); provided that such employment is available only to attorneys;

(e) Full time employment as a teacher of law at a law school approved by the American Bar Association; or

(f) Any combination of the above.

The period of the "practice of law" as defined above in subparagraphs 1(a) through 1(f) shall have occurred outside the State of Oklahoma in a reciprocal state. Applicants for admission without examination shall furnish such proof of practice and licensing as may be required by the Board. No applicant for admission without examination under this rule will be admitted if the applicant has taken and failed an Oklahoma bar examination without having later passed such examination.

An attorney practicing in Oklahoma under a Special Temporary Permit cannot later gain admission via Admission Upon Motion if five of the past seven years of actual and continuous practice experience were acquired in Oklahoma.

Section 2. Applicant shall provide at his or her own expense a report by the National Conference of Bar Examiners.

Section 3. Applications must be upon forms prescribed by the Board of Bar Examiners.

Section 4. It is the purpose of this rule to grant reciprocity to qualified judges and lawyers from other reciprocal states jurisdictions and to secure for Oklahoma judges and lawyers like privileges. If the former state jurisdiction of the applicant does not grant to Oklahoma judges and lawyers the right of admission on motion, then this Rule shall not apply and the applicant must, before being admitted to practice in Oklahoma, comply with the provisions of Rule Four. If the former state jurisdiction of the applicant permits the admission of Oklahoma judges and lawyers upon motion but the Rules are more stringent and exacting and contain other limitations, restrictions or conditions of admission and the fees required to be paid are higher, the admission of applicant shall be governed by the same Rules and shall pay the same fees which would apply to an applicant from Oklahoma seeking admission to the bar in the applicant's former state jurisdiction. If the applicant's actual and continuous practice for the past five of seven years is from a nonreciprocal state jurisdiction that does not grant Oklahoma judges and lawyers the right of admission on motion, the professional experience from the former state jurisdiction will not be considered, and any professional experience from a nonreciprocal state jurisdiction cannot be combined with the professional experience from a reciprocal state jurisdiction to meet the requisite five of seven years of actual and continuous practice.

Section 5. Any person who is admitted to the practice of law in a reciprocal state who becomes a resident of Oklahoma to accept or continue employment by a person, firm, association or corporation engaged in business in Oklahoma other than the practice of law, whose full time job is, or will be, devoted to the business of such employer, and who receives, or will receive, his or her entire compensation from such employer for applicant's legal services, may be granted a Special Temporary Permit to practice law in Oklahoma, without examination, if the applicant would be fully qualified to take the bar examination in Oklahoma under the rules of the Supreme Court, and so long as such person remains in the employ of, and devotes his or her full time to the business of, and receives compensation for legal services from no other source than applicant's said employer. Upon the termination of such employment or transfer outside the State of Oklahoma, the right of such person to practice law in Oklahoma shall terminate immediately without further action from the Bar Association or the Supreme Court of Oklahoma unless such person shall have been admitted to practice law in this state pursuant to some other rule.

The application must comply with Section 2 of Rule Two and be accompanied by a certificate from the clerk of the highest appellate court of the state in which the applicant last practiced, showing that applicant has been admitted, and is a member in good standing of the bar of that state; and a certificate from the employer of such applicant showing applicant's employment by such employer and that applicant's full time employment will be by such employer in Oklahoma. The Special Temporary Permit shall recite that it is issued under this Rule, and shall briefly contain the contents thereof Such Special Temporary Permit shall be subject to Rule Ten of these Rules. An attorney practicing in Oklahoma under a Special Temporary Permit cannot gain admission via Rule Two, Section 2, Admission Upon Motion, if any of the five of the seven years immediately preceding of actual and continuous practice experience were acquired in Oklahoma under a Special Temporary Permit. 

Section 6. A person who is admitted to the practice of law in another state, and who is employed as a law professor at an Oklahoma law school accredited by the American Bar Association, may be granted a Special Temporary Permit to practice law in Oklahoma, without examination, while such person is so employed and devotes his or her full time to the teaching of law in such employment. The practice of law under such Special Temporary Permit shall be limited to assisting attorneys licensed in Oklahoma participating in a law school clinical program representing clients only in a law school clinical program, supervising legal interns in a law school clinical program, or providing pro bono services through the law school clinical program. Upon the termination of such employment, the right of such person to practice law in Oklahoma shall terminate immediately without further action from the Bar Association or the Supreme Court of Oklahoma unless such person shall have been admitted to the practice of law in this state pursuant to some other rule.

The applicant must comply with Section 2 of Rule Two and the application must be accompanied by a certificate from the clerk of the highest appellate court of the state in which applicant last practiced showing that the applicant has been admitted and is a member in good standing of the bar of that state; and a certificate from the Dean or Registrar of that law school employing such applicant, showing the date of the applicant's employment, the terms of such employment, and the applicant's professorial rank. Such Special Temporary Permit shall be subject to Rule Ten of these Rules. A law professor practicing in Oklahoma under a Special Temporary Permit cannot later gain admission via Admission Upon Motion if five of the past seven years of actual and continuous practice experience was acquired in Oklahoma under said Special Temporary Permit.

Section 7. A person who is the current spouse of a service member in the United States Uniformed Services and who meets the following requirements may, upon motion, apply to the Supreme Court for a Special Temporary Permit to be admitted to the practice of law in the State of Oklahoma, without the requirement of taking an examination, if the applicant would otherwise be fully qualified to take the bar examination in Oklahoma under the rules of the Supreme Court. An applicant shall:

a. Apply under this rule upon forms prescribed by the Board of Bar Examiners;

b. Be at least 18 years of age;

c. Hold a Juris Doctorate degree from an American Bar Association approved law school;

d. Be lawfully admitted to practice law in any other state, territory or commonwealth of the United States or in the District of Columbia;

e. Submit evidence of a passing score on the Multistate Professional Responsibility Examination;

f. Establish that the applicant is a member in good standing in all jurisdictions where the applicant was previously admitted;

g. Have good moral character, due respect for the law, and fitness to practice law;

h. Provide at his or her expense a background investigation to determine character and fitness from the National Conference of Bar Examiners, pursuant to Rule Four, Section 2(e);

i. Take the oath of attorneys which is set forth in Rule One, Section 4, of the Rules Governing Admission to the Practice of Law in the State of Oklahoma and file the same with the Clerk of the Supreme Court;

j. Sign the Roll of Attorneys; provided, however, that if the applicant is unable, by reason of absence, to sign the Roll, applicant may grant the power of attorney to the Administrative Director of the Board of Bar Examiners to sign said Roll of Attorneys for applicant;

k. Submit evidence which is satisfactory to the Supreme Court of the State of Oklahoma that the applicant is the current spouse of a service member in the United States Uniformed Services. This provision shall not be construed to apply to former military spouses; and

l. Submit evidence that the service member is on military orders within the State of Oklahoma.

No applicant for admission without examination under this section shall be admitted if the applicant has taken and failed an Oklahoma bar examination within the last five years without having later passed the examination.

Upon termination of the military status of either the dependent or the service member; or, in the event of a military transfer outside the State of Oklahoma, the right of such person to practice law in the State of Oklahoma shall terminate unless such person shall have been admitted to practice law in the State of Oklahoma pursuant to some other rule.

A person admitted under this section will not incur an application fee pursuant to Rule Seven (f) of these rules.

Any person admitted under this section must comply with the Rules Creating and Controlling the Oklahoma Bar Association as set forth in Title 5, Chapter 1, Appendix 1, Article 2, Section 5.

Any person admitted under this section will be subject to the provisions of Rule Ten of these rules.

 

 

Rules Governing Admission to the Practice of Law in the State of Oklahoma
Chapter 1, App. 5
Rule 2. Admission Upon Motion Without Examination.

For purposes of this Rule, the term "reciprocal state" shall mean a state which grants Oklahoma judges and lawyers the right of admission on motion, without the requirement of taking an examination and whose requirements for admission are similar to Oklahoma's admission upon motion without examination standards. Reciprocal state includes the District of Columbia, territories, districts, and commonwealths or possessions of the United States.

The following persons, when found by the Board of Bar Examiners to be qualified under Section I and 2 of Rule One, may be admitted by the Supreme Court to the practice of law in the State of Oklahoma upon the recommendation and motion of the Board, without examination:

Section 1. Persons who are graduates of an American Bar Association approved law school, have been lawfully admitted to practice and are in good standing on active status in a reciprocal state, and have engaged in the actual and continuous practice of law in a reciprocal state for at least five of the seven years immediately preceding application for admission under this Rule. The years of practice earned in multiple reciprocal states may be combined.

For the purposes of this section, "practice of law" shall mean:

(a) Private practice as a sole practitioner or for a law firm, legal services office, legal clinic or similar entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state in which that practice occurred;

(b) Practice as an attorney for a corporation, partnership, trust, individual or other entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state in which the practice occurred and involved the primary duties of furnishing legal counsel, drafting legal documents and pleadings, interpreting and giving advice regarding the law, or preparing, trying or presenting cases before courts, executive departments, administrative bureaus, or agencies;

(c) Practice as an attorney for the federal, state, local government (including a territory, district, commonwealth or possession of the United States), branch of the armed services, or sovereign Indian nation with the same primary duties as described in Section I (b) above;

(d) Employment as a judge, magistrate, referee, law clerk, or similar official for the federal, state or local government (including a territory, district, commonwealth or possession of the United States); provided that such employment is available only to attorneys;

(e) Full time employment as a teacher of law at a law school approved by the American Bar Association; or

(f) Any combination of the above.

The period of the "practice of law" as defined above in subparagraphs 1(a) through 1(f) shall have occurred outside the State of Oklahoma in a reciprocal state. Applicants for admission without examination shall furnish such proof of practice and licensing as may be required by the Board. No applicant for admission without examination under this rule will be admitted if the applicant has taken and failed an Oklahoma bar examination without having later passed such examination.

An attorney practicing in Oklahoma under a Special Temporary Permit cannot later gain admission via Admission Upon Motion if five of the past seven years of actual and continuous practice experience were acquired in Oklahoma.

Section 2. Applicant shall provide at his or her own expense a report by the National Conference of Bar Examiners.

Section 3. Applications must be upon forms prescribed by the Board of Bar Examiners.

Section 4. It is the purpose of this rule to grant reciprocity to qualified judges and lawyers from other reciprocal states and to secure for Oklahoma judges and lawyers like privileges. If the former state of the applicant does not grant to Oklahoma judges and lawyers the right of admission on motion, then this Rule shall not apply and the applicant must, before being admitted to practice in Oklahoma, comply with the provisions of Rule Four. If the former state of the applicant permits the admission of Oklahoma judges and lawyers upon motion but the Rules are more stringent and exacting and contain other limitations, restrictions or conditions of admission and the fees required to be paid are higher, the admission of applicant shall be governed by the same Rules and shall pay the same fees which would apply to an applicant from Oklahoma seeking admission to the bar in the applicant's former state. If the applicant's actual and continuous practice for the past five of seven years is from a nonreciprocal state that does not grant Oklahoma judges and lawyers the right of admission on motion, the professional experience from the former state will not be considered, and any professional experience from a nonreciprocal state cannot be combined with the professional experience from a reciprocal state to meet the requisite five of seven years of actual and continuous practice.

Section 5. Any person who is admitted to the practice of law in a reciprocal state who becomes a resident of Oklahoma to accept or continue employment by a person, firm, association or corporation engaged in business in Oklahoma other than the practice of law, whose full time job is, or will be, devoted to the business of such employer, and who receives, or will receive, his or her entire compensation from such employer for applicant's legal services, may be granted a Special Temporary Permit to practice law in Oklahoma, without examination, if the applicant would be fully qualified to take the bar examination in Oklahoma under the rules of the Supreme Court, and so long as such person remains in the employ of, and devotes his or her full time to the business of, and receives compensation for legal services from no other source than applicant's said employer. Upon the termination of such employment or transfer outside the State of Oklahoma, the right of such person to practice law in Oklahoma shall terminate immediately without further action from the Bar Association or the Supreme Court of Oklahoma unless such person shall have been admitted to practice law in this state pursuant to some other rule.

The application must comply with Section 2 of Rule Two and be accompanied by a certificate from the clerk of the highest appellate court of the state in which the applicant last practiced, showing that applicant has been admitted, and is a member in good standing of the bar of that state; and a certificate from the employer of such applicant showing applicant's employment by such employer and that applicant's full time employment will be by such employer in Oklahoma. The Special Temporary Permit shall recite that it is issued under this Rule, and shall briefly contain the contents thereof Such Special Temporary Permit shall be subject to Rule Ten of these Rules. An attorney practicing in Oklahoma under a Special Temporary Permit cannot gain admission via Rule Two, Section 2, Admission Upon Motion, if any of the five of the seven years immediately preceding of actual and continuous practice experience were acquired in Oklahoma under a Special Temporary Permit. 

Section 6. A person who is admitted to the practice of law in another state, and who is employed as a law professor at an Oklahoma law school accredited by the American Bar Association, may be granted a Special Temporary Permit to practice law in Oklahoma, without examination, while such person is so employed and devotes his or her full time to the teaching of law in such employment. The practice of law under such Special Temporary Permit shall be limited to assisting attorneys licensed in Oklahoma participating in a law school clinical program representing clients only in a law school clinical program, supervising legal interns in a law school clinical program, or providing pro bono services through the law school clinical program. Upon the termination of such employment, the right of such person to practice law in Oklahoma shall terminate immediately without further action from the Bar Association or the Supreme Court of Oklahoma unless such person shall have been admitted to the practice of law in this state pursuant to some other rule.

The applicant must comply with Section 2 of Rule Two and the application must be accompanied by a certificate from the clerk of the highest appellate court of the state in which applicant last practiced showing that the applicant has been admitted and is a member in good standing of the bar of that state; and a certificate from the Dean or Registrar of that law school employing such applicant, showing the date of the applicant's employment, the terms of such employment, and the applicant's professorial rank. Such Special Temporary Permit shall be subject to Rule Ten of these Rules. A law professor practicing in Oklahoma under a Special Temporary Permit cannot later gain admission via Admission Upon Motion if five of the past seven years of actual and continuous practice experience was acquired in Oklahoma under said Special Temporary Permit.

Section 7. A person who is the current spouse of a service member in the United States Uniformed Services and who meets the following requirements may, upon motion, apply to the Supreme Court for a Special Temporary Permit to be admitted to the practice of law in the State of Oklahoma, without the requirement of taking an examination, if the applicant would otherwise be fully qualified to take the bar examination in Oklahoma under the rules of the Supreme Court. An applicant shall:

a. Apply under this rule upon forms prescribed by the Board of Bar Examiners;

b. Be at least 18 years of age;

c. Hold a Juris Doctorate degree from an American Bar Association approved law school;

d. Be lawfully admitted to practice law in any other state, territory or commonwealth of the United States or in the District of Columbia;

e. Submit evidence of a passing score on the Multistate Professional Responsibility Examination;

f. Establish that the applicant is a member in good standing in all jurisdictions where the applicant was previously admitted;

g. Have good moral character, due respect for the law, and fitness to practice law;

h. Provide at his or her expense a background investigation to determine character and fitness from the National Conference of Bar Examiners, pursuant to Rule Four, Section 2(e);

i. Take the oath of attorneys which is set forth in Rule One, Section 4, of the Rules Governing Admission to the Practice of Law in the State of Oklahoma and file the same with the Clerk of the Supreme Court;

j. Sign the Roll of Attorneys; provided, however, that if the applicant is unable, by reason of absence, to sign the Roll, applicant may grant the power of attorney to the Administrative Director of the Board of Bar Examiners to sign said Roll of Attorneys for applicant;

k. Submit evidence which is satisfactory to the Supreme Court of the State of Oklahoma that the applicant is the current spouse of a service member in the United States Uniformed Services. This provision shall not be construed to apply to former military spouses; and

l. Submit evidence that the service member is on military orders within the State of Oklahoma.

No applicant for admission without examination under this section shall be admitted if the applicant has taken and failed an Oklahoma bar examination within the last five years without having later passed the examination.

Upon termination of the military status of either the dependent or the service member; or, in the event of a military transfer outside the State of Oklahoma, the right of such person to practice law in the State of Oklahoma shall terminate unless such person shall have been admitted to practice law in the State of Oklahoma pursuant to some other rule.

A person admitted under this section will not incur an application fee pursuant to Rule Seven (f) of these rules.

Any person admitted under this section must comply with the Rules Creating and Controlling the Oklahoma Bar Association as set forth in Title 5, Chapter 1, Appendix 1, Article 2, Section 5.

Any person admitted under this section will be subject to the provisions of Rule Ten of these rules.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 Title 5. Attorneys and the State Bar
 Cite
Name
Level

 5 O.S. Rule 2, Admission Upon Motion Without Examination
Cited


 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.